IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SONY BMG MUSIC ENTERTAINMENT,
a Delaware general partner-
ship; BMG MUSIC, a New York
general partnership; VIRGIN
RECORDS AMERICA, INC., a Cal-
ifornia corporation; CAPITOL           No. CV-04-1682-HU
RECORDS, INC., a Delaware
corporation; and FONOVISA,
INC., a California corpora-
tion,

             Plaintiffs,

                                 OPINION & ORDER

   v.

ARTURO ARMAS,

            Defendant.

Kenneth R. Davis, II
William T. Patton
LANE POWELL PC
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204-3158

    Attorneys for Plaintiffs

HAGGERTY, District Judge:

    Plaintiffs bring this copyright infringement action against defendant. In their Complaint, plaintiffs allege that they are the

1 - OPINION & ORDER

copyright owners or licensees of exclusive rights under United States copyright laws with respect to certain copyrighted recordings. Compl. at ¶ 11. The copyrighted recordings include, but are not limited to, the copyrighted sound recordings listed in Exhibit A to the Complaint. Each of the recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. Id.

Plaintiffs allege that among their exclusive rights granted to them under the Copyright Act are the rights to reproduce the recordings and to distribute them to the public. Id. at ¶ 12. Plaintiffs allege that defendant, without plaintiffs' permission or consent, has used, and continues to use, an online media distribution system to download the recordings, to distribute the recordings to the public, and/or to make the recordings available for distribution to others. Id. at ¶ 13. In doing so, plaintiffs contend, defendant has violated plaintiffs' exclusive rights of reproduction and distribution. Id. These acts allegedly constitute infringement of plaintiffs' copyrights and exclusive rights under copyright. Id.

Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c) for defendant's infringement of each of the copyrighted recordings, plus attorney's fees and costs. Id. at ¶ 15. Plaintiffs also seek a permanent injunction prohibiting defendant from further infringing plaintiff's copyrights and ordering defendant to destroy all copies of sound recordings made in violation of plaintiffs' exclusive rights. Id. at ¶ 16. The Complaint contains proposed language for the requested injunction. Id. at p. 5. Plaintiffs also seek attorneys fees and costs.

Although defendant was served with the summons and Complaint on December 1, 2004, he failed to timely appear. An Order of Default was entered February 16, 2005. Defendants now move for a default judgment. I grant the motion.

DISCUSSION

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); see also Conetta v. National Hair Care Ctrs., Inc., 236 F.3d 67, 75-76 (1st Cir. 2001) (the prevailing view is that an entry of default prevents the defendant from disputing the truth of well-pleaded facts in the complaint pertaining to liability); SEC v. Wencke, 577 F.2d 619, 622 (9th Cir. 1977) (without any answer in the record, every well-pleaded allegation in the complaint is deemed admitted).

Based on the allegations in the Complaint which are taken as true, defendant's liability for copyright infringement is established. In essence, the allegations establish that defendant used an online media distribution system to copy the copyrighted sound recordings listed in the Complaint's Exhibits and then distributed those recordings to other users of the system. Compl. at ¶¶ 11-13. Recent circuit court cases establish that these acts violate the Copyright Act. See In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003) ("If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright. The swappers, who are ignorant or more commonly disdainful of copyright and in any event discount the likelihood of being sued or prosecuted for copyright infringement,

3 - OPINION & ORDER

are the direct infringers."), cert. denied, 540 U.S. 1107 (2004); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001) (individuals who upload and download files from system similar to one defendant used commit direct copyright infringement).

Section 504(a) of the Copyright Act allows for statutory damages as provided by subsection (c). 17 U.S.C. § 504(a)(2). Section 504(c) provides that

> the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1).

The statute makes clear that plaintiffs may choose statutory damages in lieu of actual damages. Additionally, plaintiffs need not prove actual damages to be entitled to an award of statutory damages. See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001) (plaintiff may elect statutory damages regardless of adequacy of evidence as to actual damages and amount of defendant's profits).

Courts regularly award minimum statutory damages, or higher, as part of default judgments in copyright infringement cases. E.g., Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir. 2002) (affirming award of greater than minimum statutory damages as part of default judgment); D.C. Comics, Inc. v. Mini Gift Shop, 912 F.2d 29, 35, 37 (2d Cir. 1990) (same).

Here, plaintiffs seek $3,750 in damages, representing the minimum statutory damages provided by the Copyright Act for each of

4 - OPINION & ORDER

the five infringements alleged in the Complaint. Given that the request is only for the minimum statutory amount, and is consistent with what was sought in the Complaint, no additional evidentiary hearing is required. See, e.g., Ortiz-Gonzalez, 277 F.3d at 63-64 (no hearing necessary, even when greater than minimum amount of statutory damages awarded); Fed. R. Civ. P. 55(b)(2) (hearing to determine appropriate damages in default judgment is discretionary).

The Copyright Act also provides for injunctive relief. 17 U.S.C. § 502(a) (court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."). Injunctions may be appropriately included in a default judgment. See, e.g., Claremont Flock Corp. v. Alm, 281 F.3d 297, 299-300 (1st Cir. 2002) (affirming award of default judgment and injunction).

Plaintiffs allege in the Complaint, and the allegations are taken as true, that defendant's conduct causes them irreparable injury that cannot be fully compensated or measured in money and that they will continue to suffer such injury unless defendant is enjoined from continuing to infringe plaintiff's copyrights. Compl. at ¶ 16.

The proposed language for the injunction, as asserted in the Complaint, seeks as follows:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs'

5 - OPINION & ORDER

> Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Compl. at p. 5; Pltfs' App. for Default Jdgmt at pp. 8-9.

Plaintiffs contend that defendant's infringements were widespread, going well beyond the few representative examples listed in Exhibit A to the Complaint. See Compl. at ¶ 11; Exh. B to Compl. Additionally, plaintiffs argue that defendant's means of infringement (an online media distribution system with tens of millions of potential users), leaves plaintiffs' sound recordings vulnerable to massive, repeated, near-instantaneous, and worldwide infringement. Plaintiffs suggest that because recordings made available over these systems typically are made available for further unlawful distribution by the users who download them, defendant's conduct has subjected plaintiffs' valuable recordings to ongoing "viral" infringement.

Plaintiffs argue that for these reasons, and because plaintiffs continually create new works, the requested injunction covers works to be created in the future. Without such language, plaintiffs' new works would be vulnerable to infringement and litigation would be required to redress each future infringement. The weight of authority extending injunctive relief to future works indicates that it is a standard practice. See, e.g., Princeton Univ. Press v. Michigan Document Serv., Inc., 99 F.3d 1381, 1392-93 (6th Cir. 1996) (weight of authority supports extension of

6 - OPINION & ORDER

injunctive relief to future works); <u>Olan Mills, Inc. v. Linn Photo Co.</u>, 23 F.3d 1345, 1349 (8th Cir. 1994) (permanent injunction included works created in the future); <u>Sony Music Entm't, Inc. v. Elias</u>, No. CV 03-6487 DT (RCx), 2004 WL 141959, at *5 (C.D. Cal. Jan. 20, 2004) (to promote judicial economy and avoid similar actions in future, court issued injunction against defendant to future works by plaintiffs and plaintiffs' affiliates as well as existing works).

I agree with plaintiffs that their proposed injunction is necessary and reasonable to prevent the ongoing and future violation by defendant of plaintiffs' copyrights.

The Copyright Act allows for an award of costs. 17 U.S.C. § 505. The supplemental affidavit of William T. Patton shows that plaintiffs incurred $217.50 in costs for the $150 filing fee and $67.50 for service of the summons and Complaint. It is appropriate to award this as part of the Default Judgment.

## CONCLUSION

Plaintiffs' motion for default judgment (#10) is granted.

IT IS SO ORDERED.

Dated this ___18___ day of ___April___, 2005.

                                          /s/Ancer L.Haggerty
                                          Ancer L. Haggerty
                                          United States District Judge

7 - OPINION & ORDER